WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melvin De Freitas,<br><br>    Plaintiff,<br><br>v.<br><br>Todd Thomas, et al.,<br><br>    Defendants. | No. CV-13-01364-PHX-SRB (ESW)<br><br>**ORDER** |

  Pro se Plaintiff Melvin De Freitas is a prisoner confined in the Saguaro Correctional Center ("SCC"), a Corrections Corporation of America ("CCA") facility in Eloy, Arizona. On July 8, 2013, Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are the following motions:

    1. Plaintiff's "Motion of Witnesses [sic] Declarations and New Evidence" (Doc. 83);

    2. Plaintiff's "Motion [to] Notify the Court of Retaliation Done to Inmate Witness by the CCA Legal Team and Ben Griego" (Doc. 91);

    3. Defendants' "Motion to Strike Character Witness Declaration (Doc. #98)" (Doc. 99);

    4. Plaintiff's "Motion to Complete and Clarify the Record Regarding the False Declaration of Inmate Kawika Vinano and Plaintiff Still Not Allowed to Borrow the Fed. R. Civ. P. Book" (Doc. 101);

5. Plaintiff's request to the Court, docketed by the Clerk of Court as "Motion [for] Service of Subpoenas" (Doc. 102); and

6. Defendant's "Motion for Sanctions Pursuant to Rule 11" (Doc. 104).

The Court has reviewed the above motions and sets forth its orders below.

## DISCUSSION

### A. Plaintiff's "Motion of Witnesses [sic] Declarations and New Evidence" (Doc. 83)

In his "Motion of Witnesses [sic] Declarations and New Evidence" (Doc. 83), Plaintiff requests that the Court grant his previously filed (i) Motion for an Order Compelling Disclosure, Discovery, and Sanctions (Doc. 75) and (ii) Motion for Appointment of Counsel (Doc. 80). The Court ruled on those two motions in its Order filed on June 5, 2015 (Doc. 82). Accordingly, Plaintiff's "Motion of Witnesses [sic] Declarations and New Evidence" (Doc. 83) is denied as moot.[1]

Plaintiff's Reply in support of his Motion (Doc. 83) contains the following additional requests: (i) reconsideration of the Court's June 5, 2015 Order (Doc. 82); (ii) an order allowing Plaintiff to interview and obtain declarations from four alleged inmate witnesses; and (iii) an order compelling the production of certain photographs allegedly taken of Plaintiff on March 28, 2014. (Doc. 92 at 4). Those requests are denied as Plaintiff did not submit them to the Court in a motion. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

---

[1] In his Reply (Doc. 92), Plaintiff states that his Motion (Doc. 83) is "designed to ask the Honorable Court for Reconsideration in regards to [Doc. #75] on interviewing inmate witnesses . . . ." The Certificate of Service attached to Plaintiff's Motion (Doc. 83 at 3), however, states that the Motion was placed in the prison mailing system on June 1, 2015. Because the Motion (Doc. 83) was mailed prior to the Court's June 5, 2015 Order denying Plaintiff's "Motion for an Order Compelling Discovery, Disclosure and Sanctions" (Doc. 75), the Court does not construe the Motion (Doc. 83) as a motion for reconsideration.

**B. Plaintiff's "Motion [to] Notify the Court of Retaliation Done to Inmate Witness by the CCA Legal Team and Ben Griego" (Doc. 91)**

Plaintiff's "Motion [to] Notify the Court of Retaliation Done to Inmate Witness by the CCA Legal Team and Ben Griego" (Doc. 91) requests the Court to "stop CCA's Legal Team and Asst. Warden Ben Griego from trying to threaten and scar[e] Plaintiff's inmate witnesses." Plaintiff's fully briefed Motion (Doc. 91) is deemed a request for injunctive relief and is referred to the District Court Judge for consideration.[2]

**C. Defendants' "Motion to Strike Character Witness Declaration (Doc. #98)" (Doc. 99)**

Rule 5(d) of the Federal Rules of Civil Procedure provides that "disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." Rule 5.2 of the Local Rules of Civil Procedure ("LRCiv") provides that "[a] 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers."

On August 28, 2015, inmate Lael Samonte submitted a "Character Witness Declaration" (Doc. 98) on Plaintiff's behalf. Plaintiff explains that the Declaration was "submitted to support Plaintiff's case and to show a [sic] unprofessional pattern done to inmates by these defendant's [sic] . . . ." (Doc. 103 at 3). The Court construes the Declaration to be a disclosure. Plaintiff has not "used" this disclosure in the proceeding (e.g. by relying upon the Declaration in support of a motion). Plaintiff's filing of the Declaration instead of a "Notice of Service" therefore violates Rule 5(d) of the Federal Rules of Civil Procedure and LRCiv 5.2. Accordingly, the Court grants Defendants' "Motion to Strike Character Witness Declaration (Doc. #98)" (Doc. 99).

---

[2] A Magistrate Judge may not rule on a motion requesting injunctive relief unless all parties have consented to the exercise of civil jurisdiction by the Magistrate Judge. 28 U.S.C. §§ 636(b)(1), (c)(1).

### D. Plaintiff's "Motion to Complete and Clarify the Record Regarding the False Declaration of Inmate Kawika Vinano and Plaintiff Still Not Allowed to Borrow the Fed. R. Civ. P. Book" (Doc. 101)

Attached to Plaintiff's "Motion of Witnesses [sic] Declarations and New Evidence" (Doc. 83) are two declarations dated May 24, 2015 from inmate Kawika Vinano that corroborate Plaintiff's claims. In their response to Plaintiff's "Motion [to] Notify the Court of Retaliation Done to Inmate Witness by the CCA Legal Team and Ben Griego," Defendants submitted a July 8, 2015 declaration by Mr. Vinano in which Mr. Vinano recants the statements made in his May 2015 declarations. (Doc. 93-2 at 2-5). In his Motion (Doc. 101), Plaintiff requests the Court to "dismiss the False declaration of inmate Kawika Vinano." (Doc. 101 at 3) (emphasis in original). The Court deems Plaintiff's request to be a request to strike Mr. Vinano's July 8, 2015 declaration. As Defendants submitted the July 8, 2015 declaration in support of their response to Plaintiff's "Motion [to] Notify the Court of Retaliation Done," the Court denies Plaintiff's request to strike.

Plaintiff's Motion (Doc. 101 at 3) also requests an order (i) compelling Defendants to answer interrogatories submitted by Plaintiff on August 7, 2015 (Doc. 97 at 6-7); (ii) allowing Plaintiff to interview and obtain declarations from four alleged inmate witnesses; and (iii) compelling the production of alleged "photographs of Plaintiff's injuries to his face." These requests are denied for the following reasons.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court is required to establish a schedule that sets pretrial deadlines. A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This is because "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation and internal quotations marks omitted). "Disregard of the order would undermine the court's ability

- 4 -

to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id*. Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. *Id*. at 609. If the movant "was not diligent, the inquiry should end." *Id.*

In addition, Ninth Circuit case law supports a district court's denial of a motion filed after the applicable scheduling order deadline on the ground that the movant did not request to modify the deadline. *Id*. at 608 ("Johnson did *not* specifically request that the court modify its scheduling order; he merely moved to amend his complaint. He points out that some courts have considered a motion to amend the complaint as a motion to amend the scheduling order and the court's denial of that motion a denial of a motion to amend the scheduling order. . . . We have suggested the contrary."); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (holding that a district court properly denied a motion as untimely where it was filed after the applicable scheduling order deadline and the movant "never requested a modification" of the scheduling order), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996); *see also Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (holding that a district court properly denied a motion as untimely where the motion was filed after the deadline set forth in the scheduling order and the movant did not request a modification of the scheduling order).

Here, the Court set April 1, 2015 as the deadline for serving requests for discovery. (Doc. 73 at 3). The Court set May 15, 2015 as the filing deadline for all motions regarding discovery. (*Id*.). Plaintiff has not requested a modification of those deadlines. Accordingly, Plaintiff's discovery requests contained in his September 21, 2015 Motion (Doc. 101) may be denied as untimely. *See Johnson*, 975 F.2d at 608; *U.S. Dominator, Inc.*, 768 F.2d at 1104. Even if Plaintiff's Motion (Doc. 101) is construed as a de facto motion to extend the deadlines relating to discovery, Plaintiff has not shown good cause for the modification.

Moreover, Rule 37(a) of the Federal Rules of Civil Procedure requires that a

motion for an order compelling disclosure or discovery "[i]nclude a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." LRCiv 7.2(j) provides that "[a]ny discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions." Plaintiff's failure to provide a Rule 37(a) certification provides an additional basis for denying the discovery requests contained in his Motion (Doc. 101). *Robinson v. Hall*, 2013 WL 791268 (D. Ariz. March 4, 2013); *Sandpiper Resorts Development Corp. v. Global Realty Investments*, 2012 WL 2009965 (D. Ariz. June 5, 2012); *Kalis v. Colgate–Palmolive Co.,* 231 F.3d 1049, 1059 (7th Cir. 2000) (because movant's motion did not include a Rule 37(a) certification, the district court did not abuse its discretion in denying the motion to compel).

For the above reasons, Plaintiff's Motion (Doc. 101) is denied except as follows. To the extent Plaintiff is seeking an order from the Court requiring the prison facility to provide Plaintiff with a copy of the Federal Rules of Civil Procedure, the request is deemed to be a request for injunctive relief. The request is referred to the District Court Judge.

### E. Plaintiff's "Motion [for] Service of Subpoenas" (Doc. 102)

On September 24, 2015, the Clerk of Court received a letter from Plaintiff in which Plaintiff requests the Court to "inter[vene] and execute[]" three subpoenas on Plaintiff's behalf. The Clerk of Court docketed the letter as "Motion [for] Service of Subpoenas" (Doc. 102). As discussed above, May 15, 2015 was the deadline for filing discovery motions. Because Plaintiff has not requested a modification of the deadline and Plaintiff has not shown good cause to excuse the untimeliness of the motion, Plaintiff's "Motion [for] Service of Subpoenas" (Doc. 102) is denied.

### F. Defendant's "Motion for Sanctions Pursuant to Rule 11" (Doc. 104)

On October 2, 2015, Defendants filed a "Motion for Sanctions Pursuant to Rule 11" (Doc. 104). Defendants allege that the two May 2015 declarations made by inmate

Kawika Vinano are false and that Plaintiff knew they were false when he submitted them to the Court. Defendants assert that in exchange for Plaintiff's promise to send Mr. Vinano's family money if Plaintiff won this case, Mr. Vinano wrote what Plaintiff dictated through the prison's vent system. Defendants also allege that the declaration by inmate Brandon LaFoga submitted by Plaintiff (Doc. 83 at 9) may also be false. Defendants move for dismissal of this matter with prejudice for Plaintiff's alleged willful and knowing fraud perpetrated on the Court.

As of the date of this Order, Plaintiff has not filed a response in opposition to Defendants "Motion for Sanctions Pursuant to Rule 11" (Doc. 104). Failure to respond to a motion may be deemed as a party's consent to granting the motion. LRCiv 7.2(i) (upon the filing of a motion if a party "does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."). It is ordered that by **November 30, 2015**, Plaintiff shall show cause as to why the Court should not grant Defendant's "Motion for Sanctions Pursuant to Rule 11" (Doc. 104). Plaintiff's failure to timely respond may result in the dismissal of this case with prejudice.

## CONCLUSION

In accordance with the foregoing discussion,

**IT IS ORDERED** denying Plaintiff's "Motion of Witnesses [sic] Declarations and New Evidence" (Doc. 83).

**IT IS FURTHER ORDERED** deeming Plaintiff's "Motion [to] Notify the Court of Retaliation Done to Inmate Witness by the CCA Legal Team and Ben Griego" (Doc. 91) to be a request for injunctive relief. The Motion (Doc. 91) is referred to the District Court Judge.

**IT IS FURTHER ORDERED** granting Defendants' "Motion to Strike Character Witness Declaration (Doc. #98)" (Doc. 99). The Clerk of Court shall strike the Character Witness Declaration (Doc. 98).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Complete and

Clarify the Record Regarding the False Declaration of Inmate Kawika Vinano and Plaintiff Still Not Allowed to Borrow the Fed. R. Civ. P. Book" (Doc. 101) except as follows. To the extent Plaintiff requests an order from the Court requiring the prison facility to provide Plaintiff with a copy of the Federal Rules of Civil Procedure, the request is deemed to be a request for injunctive relief and is referred to the District Court Judge.

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion [for] Service of Subpoenas" (Doc. 102).

**IT IS FURTHER ORDERED** that by **November 30, 2015**, Plaintiff shall show cause as to why the Court should not grant Defendant's "Motion for Sanctions Pursuant to Rule 11" (Doc. 104). **PLAINTIFF'S FAILURE TO TIMELY RESPOND MAY RESULT IN THE DISMISSAL OF THIS CASE WITH PREJUDICE.**

Dated this 27th day of October, 2015.

_____
Eileen S. Willett
United States Magistrate Judge