WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melvin De Freitas, | No. CV-13-01364-PHX-SRB (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Todd Thomas, et al., | |
| Defendants. | |

Pro se Plaintiff Melvin De Freitas is a prisoner confined in the Saguaro Correctional Center, a Corrections Corporation of America facility in Eloy, Arizona.  On July 8, 2013, Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are a number of motions.  The Court has reviewed the motions and issues its orders as set forth below.

## I.  DISCUSSION

### A. Defendants' "Motion to Strike and Remove from the Docket Plaintiff's Second Set of Supplemental Disclosure Statement Plus 304 to 374 Production of Documents (Doc. #110)"  (Doc. 120)

On October 21, 2015, Plaintiff filed a "Second Set of Supplemental Disclosure Statement Plus 304 to 374 Production of Documents" (Doc. 110) (the "Second Supplemental Disclosure Statement").  The Second Supplemental Disclosure Statement supplements Plaintiff's Initial Disclosure Statement that Plaintiff served on Defendants in October 2014 (Doc. 52).  In their Motion (Doc. 120), Defendants request the Court to

strike the Second Supplemental Disclosure Statement (Doc. 110).  Plaintiff has responded in opposition (Doc. 128).  Defendants have replied (Doc. 130).

As discussed in the Court's October 28, 2015 Order (Doc. 113 at 3), "disclosures under Rule 26(a)(1) or (2) . . . must not be filed until they are used in the proceeding or the court orders filing . . . ."  Fed. R. Civ. P. 5(d).  Rule 5.2 of the Local Rules of Civil Procedure ("LRCiv") provides that "[a] 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers."

Plaintiff has not "used" the Second Supplemental Disclosure Statement (Doc. 110) in the proceeding (e.g. by relying upon the document in support of a motion).  Plaintiff's filing of the Second Supplemental Disclosure Statement (Doc. 110) instead of a "Notice of Service" therefore violates Rule 5(d) of the Federal Rules of Civil Procedure and LRCiv 5.2.  Accordingly, Plaintiff's Second Supplemental Disclosure Statement (Doc. 110) will be stricken.  The Court deems the October 21, 2015 filing date of Plaintiff's Second Supplemental Disclosure Statement (Doc. 110) to be the date of service on Defendants.  By **February 9, 2016**, Plaintiff shall file a Notice of Service in compliance with LRCiv 5.2 indicating that on October 21, 2015, Plaintiff served the Second Supplemental Disclosure Statement on Defendants.

Defendants' Motion (Doc. 120) also requests that the Court remove Plaintiff's Second Supplemental Disclosure Statement from the docket as it contains the first and last names of correctional personnel.   (Doc. 120 at 2).  The Court construes Defendants' request as a motion to seal Plaintiff's Second Supplemental Disclosure Statement (Doc. 110).

 The public has a general right to inspect and copy judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Although this right is not absolute, there is a strong presumption in favor of access to judicial records.  To overcome this presumption, a party seeking to seal a judicial record must meet (i) the "compelling reasons" standard if the record is a dispositive pleading or (ii) the "good

1   cause" standard if the record is a non-dispositive pleading. *Kamakana v. City & County*

2   *of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605

3   F.3d 665, 678 (9th Cir. 2010).

4        Here, because Plaintiff's Second Supplemental Disclosure Statement (Doc. 110) is

5   not a dispositive pleading, Defendants must show good cause for sealing the document.

6   The "good cause" standard requires a showing that specific prejudice or harm will result

7   if the document is not sealed.  *Phillips ex. rel. v. Gen. Motors Corp.*, 307 F.3d 1206,

8   1210-11 (9th Cir. 2002).  "If a court finds particularized harm will result from disclosure

9   of information to the public, then it balances the public and private interests" to decide

10  whether it is necessary to seal a document.  *Id*.

11       Plaintiff's Second Supplemental Disclosure Statement (Doc. 110) lists the first and

12  last names of a number of correctional employees.  Defendants assert that the full names

13  of correctional employees are not divulged to current or former inmates in order to

14  protect the employees' privacy and security.  (Doc 120 at 2).  The Court recognizes the

15  potential safety risks to correctional employees if their full names became public record.

16  These potential safety risks outweigh the need for the public's access to the information.

17  The Court finds that Defendants have shown good cause for sealing Plaintiff's Second

18  Supplemental Disclosure Statement (Doc. 110).

19       For the above reasons, the Court directs the Clerk of Court to seal and strike

20  Plaintiff's Second Supplemental Disclosure Statement (Doc. 110).

21  **B. Plaintiff's "Notice of Service for Permission to Amend Plaintiff's Response**
    **to Defendant's Motion for Sanctions [Doc # 116] Affidavit of Kalima**
22  **Smith" (Doc. 124)**
    **and**
23  **Defendants' "Motion to Strike and Remove from the Docket Plaintiff's**
24  **Notice of Service for Permission to Amend Plaintiff's Response to**
    **Defendants' Motion for Sanctions [Doc 116-1] Affidavit of Kalima Smith"**
25  **(Doc. 127)**

26       On October 2, 2015, Defendants filed a "Motion for Sanctions Pursuant to Rule

27  11" (Doc. 104).  Defendants allege that Plaintiff willfully and knowingly defrauded the

28  Court by submitting witness declarations that Plaintiff knew were false.   Plaintiff

responded to the Motion for Sanctions on October 27, 2015 (Doc. 112).   Defendants replied on November 6, 2015 (Doc. 116).   In their Reply (Doc. 116 at 1), Defendants allege that newly discovered evidence shows that Plaintiff also attempted to bribe inmate Kalima Smith to provide a false declaration in support of Plaintiff's claims.   Attached to Defendants' Reply is an affidavit signed by Mr. Smith, which is dated October 29, 2015.   On November 16, 2015, Plaintiff filed a "Notice of Service for Permission to Amend Plaintiff's Response to Defendant's Motion for Sanctions [Doc # 116] Affidavit of Kalima Smith" (Doc. 124).[1]   In his Notice, Plaintiff explains that he is amending his Response to oppose the affidavit of Mr. Smith.   (Doc. 124).   Defendants request that the Court strike Plaintiff's Notice (Doc. 124) as an improper sur-reply.   (Doc. 127).

Defendants are correct that neither the Federal nor Local Rules of Civil Procedure authorize the filing of a sur-reply.   Yet "[i]t is well settled that new arguments cannot be made for the first time in reply.   This goes for new facts too."   *Gold v.* Wolpert, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989). To the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond.   *See Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993).   A court cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence.   *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).   Therefore, granting leave to file a sur-reply is generally appropriate when a party raises new issues or new evidence in a reply brief.

Defendants concede that their Reply contains new evidence.   (Doc. 116 at 1). Plaintiff's Notice (Doc. 124) addresses that new evidence.   Therefore, the Court does not find that Plaintiff's Notice is an improper sur-reply.   Moreover, after liberally construing the Notice (Doc. 124),[2] the Court finds that Plaintiff requested leave of Court to amend

---

[1] The Clerk of Court docketed the Notice as "Motion to Amend/Correct [Doc.] 112 Response to Motion."

[2] Plaintiff captioned the document "Notice of Service for Permission . . ."   *See*

his Response as set forth in the Notice (Doc. 124). Plaintiff's request is granted. Defendants' "Motion to Strike and Remove from the Docket Plaintiff's Notice of Service for Permission to Amend Plaintiff's Response to Defendants' Motion for Sanctions [Doc 116-1] Affidavit of Kalima Smith" (Doc. 127) is denied.

### C. Defendants "Motion for Sanctions Pursuant to Rule 11" (Doc. 104)

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge only has the authority to hear and determine certain "non-dispositive" pretrial motions in cases where the parties have not consented to a magistrate judge's exercise of jurisdiction. A magistrate judge's "jurisdiction to order sanctions . . . is dependent upon whether Rule 11 sanctions are characterized as dispositive or non-dispositive of a claim or defense of a party." *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72). "[I]f Rule 11 sanctions are characterized as dispositive, then the magistrate [judge] had authority only to 'enter into the record a recommendation for disposition of the matter' to be reviewed by the district court *de novo*." *Id.* (citing Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(B)). Non-dispositive matters are those "pretrial matter[s] not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a).

Here, Defendants' "Motion for Sanctions Pursuant to Rule 11" (Doc. 104) seeks dismissal of this case. The undersigned finds that the Motion is properly characterized as dispositive and that a Magistrate Judge does not have the authority to rule on the Motion. The undersigned therefore advises the District Judge that the reference to the Magistrate Judge may be withdrawn as to the Motion (Doc. 104).

## II.  CONCLUSION

In accordance with the foregoing discussion,

**IT IS ORDERED** granting Defendants "Motion to Strike and Remove from the Docket Plaintiff's Second Set of Supplemental Disclosure Statement Plus 304 to 374

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (pro se pleadings should be construed liberally).

1    Production of Documents (Doc. #110)" (Doc. 120) to the extent set forth herein.  The

2    Clerk of Court is directed to seal Plaintiff's "Second Set of Supplemental Disclosure

3    Statement Plus 304 to 374 Production of Documents" (Doc. 110).  The Clerk of Court is

4    further directed to strike Plaintiff's "Second Set of Supplemental Disclosure Statement

5    Plus 304 to 374 Production of Documents" (Doc. 110).

6           **IT IS FURTHER ORDERED** that by **February 9, 2016**, Plaintiff shall file a

7    Notice of Service in compliance with LRCiv 5.2 indicating that on October 21, 2015, he

8    served the "Second Set of Supplement Disclosure Statement Plus 304 to 374 Production

9    of Documents" on Defendants.

10          **IT IS FURTHER ORDERED** granting Plaintiff's "Notice of Service for

11   Permission to Amend Plaintiff's Response to Defendant's Motion for Sanctions [Doc #

12   116] Affidavit of Kalima Smith" (Doc. 124).

13          **IT IS FURTHER ORDERED** denying Defendants' "Motion to Strike and

14   Remove from the Docket Plaintiff's Notice of Service for Permission to Amend

15   Plaintiff's Response to Defendants' Motion for Sanctions [Doc 116-1] Affidavit of

16   Kalima Smith" (Doc. 127).

17          Dated this 26th day of January, 2016.

18

19

20   _____

21                      Eileen S. Willett

22                 United States Magistrate Judge

23

24

25

26

27

28