IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melvin De Freitas, Jr._____Plaintiff,_____v._____Todd Thomas, et al.,_____Defendants. | No. CV-13-01364-PHX-SRB (ESW)**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:**

   This is a civil rights action initiated by Melvin De Freitas Jr. ("Plaintiff") pursuant to 42 U.S.C. § 1942. On October 2, 2015, Defendants filed a "Motion for Sanctions Pursuant to Rule 11" (Doc. 104). Plaintiff has responded (Doc. 112), and Defendants have replied (Doc. 116). In addition, Defendants have filed a "Supplement to Motion for Sanctions Pursuant to Rule 11 [Doc. 104 & 116]" (Doc. 136). On March 16, 2016, the Court referred the Motion for Sanctions to the undersigned for a Report and Recommendation. (Doc. 145).

   In their Motion (Doc. 104), Defendants contend that Plaintiff knowingly filed (i) two allegedly false declarations prepared by inmate Kawika Vinano ("Vinano") and (ii)

one allegedly false declaration prepared by former inmate Brandon Lafoga ("Lafoga").[1] However, Plaintiff moved to withdraw Vinano's declarations within the twenty-one day safe harbor period provided in Rule 11 of the Federal Rules of Civil Procedure. In addition, the undersigned finds that Defendants have failed to meet their burden of showing that sanctions are warranted as to Plaintiff's submission of Lafoga's declaration. For the reasons explained herein, the undersigned recommends that the Court deny the "Motion for Sanctions Pursuant to Rule 11" (Doc. 104) without holding an evidentiary hearing.[2]

## I. RULE 11 SANCTIONS

"Federal Rule of Civil Procedure 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, without factual foundation or brought for an improper purpose." *Petrella v. Metro–Goldwyn–Mayer, Inc.*, 695 F.3d 946, 957 (9th Cir. 2012), *reversed on other grounds*, 132 S.Ct. 1962 (2014). The party moving for Rule 11 sanctions bears the burden of proof and persuasion. *See Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987) (finding that burden of proving Rule 11 sanctions were not justified was erroneously placed on non-moving party); *Rich Art Sign Co, Inc. v. Ring*, 122 F.R.D. 472, 474 (E.D. Pa. 1988) (denying motion for sanctions where defendants failed to prove that claim was frivolous); *Phinney v. Paulshock*, 181 F.R.D. 185, 197 (D.N.H. 1998) (stating that "[i]n general, the burden of proof is on the party seeking the sanction").

Rule 11 contains a "safe harbor" provision. This provision states that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or

---

[1] Vinano and Lafoga's declarations are contained in Plaintiff's "Motion of Witnesses Declarations and New Evidence" (Doc. 83).

[2] Pursuant to the Court's referral Order (Doc. 145), the undersigned set an evidentiary hearing on the Motion for Sanctions. (Doc. 149). However, given the conclusions set forth in this Report and Recommendation, the undersigned has vacated the evidentiary hearing.

appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). "The purpose of the safe harbor . . . is to give the offending party the opportunity . . . to withdraw the offending pleading *and thereby escape sanctions*." *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (emphasis in original); *see also* Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments, Subdivisions (b) and (c) (explaining that the "safe harbor" provision protects the non-moving party from a motion for sanctions if the party makes a timely withdrawal of the contention that gave rise to the motion).

Failure to comply with the safe harbor provision precludes an award of Rule 11 sanctions. *Barber*, 146 F.3d at 710-11 ("An award of sanctions cannot be upheld" where the movant does not comply with the twenty-one day notice requirement); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009) (affirming district court's ruling that there was "no basis" for awarding Rule 11 sanctions where moving party did not comply with safe harbor provision); *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (reversing district court's grant of Rule 11 sanctions where the moving party failed to comply with the safe harbor provision); *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1025-26 (7th Cir. 1999) (stating that "the twenty-one day safe harbor is not merely an empty formality," and a "court that imposes sanctions by motion without adhering to this twenty-one day safe harbor has abused its discretion"); *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005) (stating that "[w]e must reverse the award of sanctions when the [moving] party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous").

## II. BACKGROUND

### A. Summary of Plaintiff's Claims

Plaintiff is a Hawaiian inmate who is confined in the Saguaro Correctional Center ("SCC"), a Corrections Corporation of America ("CCA") facility in Eloy. On July 8, 2013, Plaintiff filed a sixteen-count Complaint (Doc. 1) against a number of current or

former SCC employees. The Complaint sought relief for alleged threats to safety, retaliation, sexual assault, violation of mail rights, and deprivation of property. (Doc. 6 at 3). After screening the Complaint pursuant to 28 U.S.C. § 1915A(a), the Court ordered Defendant Correctional Officers Romero and Carrier to answer Count IV (in part), Count VII, and Count VIII (in part). (*Id.* at 19). The Court dismissed all other Defendants and claims in the Complaint without prejudice. (*Id.*). Defendants Romero and Carrier filed their Answer on April 15, 2014 (Doc. 11).

On July 22, 2014, the Court allowed Plaintiff to file a Second Amended Complaint (Doc. 35) to reassert the claims that Defendants Romero and Carrier answered and to raise four new claims against Defendant Correctional Officers Romero, Carrier, Griego, and Flores for use of excessive force arising out of an alleged March 28, 2014 incident (Counts XIII-XVI of the Second Amended Complaint). (Doc. 35 at 4). Defendants Carrier and Romero answered the Second Amended Complaint on August 8, 2014 (Doc. 40). Defendants Flores and Griego were served in July 2015, and filed their Answer on September 4, 2015. (Docs. 94, 95, and 100).

**B. In June 2015, Plaintiff Submitted Declarations by Inmate Kawika Vinano and Former Inmate Brandon Lafoga. In August 2015, Defendants Submitted a Declaration by Vinano Recanting the Statements Made in His Declarations Supporting Plaintiff's Claims.**

On June 8, 2015, Plaintiff filed a "Motion of Witnesses Declarations and New Evidence" (Doc. 83). Plaintiff attached two declarations dated May 24, 2015 by inmate Vinano (the "May 2015 Declarations" or the "May 2015 Vinano Declarations"). (*Id.* at 4-8). Plaintiff also attached a declaration dated January 11, 2015 by former inmate Lafoga (the "Lafoga Declaration").[3] (*Id.* at 9). All three declarations corroborated portions of Plaintiff's claims.

In his July 15, 2015 filing, captioned as "Motion Notify the Court of Retaliation

---

[3] Defendants indicated that Lafoga was released from prison on March 2015 (Doc. 104 at 2-3). Lafoga is not listed as a witness in the parties' Joint Prehearing Memorandum (Doc. 156).

- 4 -

Done to Inmate Witnesses . . ." (Doc. 91), Plaintiff alleged that Defendants intimidated Vinano and that Vinano "signed a paper agreeing on not being a witness and will not testify in Court." In their Response (Doc. 93), Defendants denied the allegations. Defendants explained that Vinano could not have witnessed the incidents alleged by Plaintiff because Vinano was not assigned to the prison unit in which the alleged incidents took place. (*Id.* at 2). Defendants attached to their Response a declaration by Vinano dated July 8, 2015. (Doc. 93-2 at 2). In the declaration, Vinano recanted the statements made in the May 2015 Declarations. (*Id.* at 4). Vinano asserted that he signed the declarations because Plaintiff told him that "if [Plaintiff] got money from his case, he would send money to my family . . . ." (*Id.*).

In his August 24, 2015 Reply, Plaintiff asserts that had Defendants given him certain requested information pertaining to cell assignments, "Plaintiff would have known that inmate Vinano was a liar." (Doc. 97 at 1). Plaintiff, however, maintained that he "still honestly believe [sic] that inmate Vinano was a true witness . . . ." (Doc. 97 at 3).

### C. On August 25, 2015, Defendants Demanded that Plaintiff Withdraw the May 2015 Vinano Declarations and the Lafoga Declaration and Dismiss his Lawsuit.

On August 25, 2015, Defendants mailed Plaintiff a letter enclosing an unfiled "Motion for Sanctions Pursuant to Rule 11." (Doc. 104-1 at 3-19). Defendants stated that they would file the Motion for Sanctions unless Plaintiff (i) withdrew the May 2015 Vinano Declarations and the Lafoga Declaration and (ii) dismissed his lawsuit within twenty-one days of the date of the letter.[4] (*Id.* at 4). Twenty-one days from August 25, 2015 is September 15, 2015. Because Defendants served the Motion for Sanctions on Plaintiff by mail, three days are added to the twenty-one day safe harbor period pursuant

---

[4] Yet "[t]he Rule 11 safe harbor provision, by its plain language, does not require that a party drop its claims with prejudice." *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 639 (9th Cir. 2010).

- 5 -

to Fed. R. Civ. P. 6(d).  Accordingly, the safe harbor period expired on September 18, 2015.  *See* Fed. R. Civ. P. 11(c)(2) (stating that moving party must serve the unfiled motion for sanctions on opposing party pursuant to Fed. R. Civ. P. 5); Fed R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)); *Carruthers v. Flaum*, 450 F. Supp. 2d 288, 305 (S.D.N.Y. 2006) (explaining that if a motion for Rule 11 sanctions was served via first class mail, the safe harbor period is extended by three-days pursuant to Fed. R. Civ. P. 6, thereby giving the non-moving party "24 rather 21 days within which to respond").

As discussed below, Plaintiff filed a Motion (Doc. 101) within the safe harbor period requesting that the May 2015 Vinano Declarations be dismissed.

### D. In September 2015, Plaintiff Filed a Timely Motion (Doc. 101) Seeking to Dismiss the "False Declaration of Inmate Kawika Vinano."

On September 21, 2015, the Clerk of Court docketed a document filed by Plaintiff entitled "Motion to Complete and Clarify the Record Regarding the False Declaration of Inmate Kawika Vinano . . . ." (Doc. 101).  The Certificate of Service states that Plaintiff mailed the Motion to the Court on September 15, 2015.  (*Id*. at 4).  The undersigned deems September 15, 2015 as the Motion's filing date.  *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (providing that a filing is deemed "filed" when handed by the prisoner to a prison official for mailing).

On its face, Plaintiff's Motion (Doc. 101) is ambiguous as to Plaintiff's requested relief.  Plaintiff stated: "According to the CCA's Legal Team inmate witness declaration of Kawika Vinano is totally false and it's proven to be correct and it need's [sic] to be dismissed by the Honorable Court." (*Id*. at 1).  Plaintiff also states that he has requested certain information from Defendants "to attempt to solve and prevent False declarations . . . ." (*Id*.).  Plaintiff requested "the Honorable Court to dismiss the False declaration of inmate Kawika Vinano."  (*Id*. at 3).  Plaintiff initially did not clearly delineate to which Vinano declaration he referred.

**E. Before Plaintiff's Motion (Doc. 101) Seeking to Dismiss the "False Declaration of Inmate Kawika Vinano" was Fully Briefed, Defendants Filed the Motion for Sanctions.**

On October 2, 2015, Defendants filed their Motion for Sanctions (Doc. 104). Defendants filed their Response to Plaintiff's "Motion to Complete and Clarify the Record . . ." on October 8, 2015. (Doc. 105). Defendants implicitly acknowledge the possibility that Plaintiff's Motion was an attempt to avoid Rule 11 sanctions pursuant to the safe harbor provision. Defendants state that:

> Plaintiff's request in the Conclusion section of his Motion to Clarify that the Court "dismiss the false declaration of inmate Kawika Vinano" is insufficient to allow Plaintiff to avoid sanctions under Rule 11. There are three declarations from Inmate Vinano currently before the Court—the two fraudulent declarations submitted by Plaintiff as exhibits to Doc. #83, and the declaration submitted by Defendants as an exhibit to Doc. #93 regarding Plaintiff's efforts to obtain declarations from Inmate Vinano-but Plaintiff did not specify which of the three he is seeking to have "dismissed."

(*Id*. at 2).

**F. In an October 28, 2015 Order (Doc. 113), the Undersigned Interpreted Plaintiff's Motion (Doc. 101) as Requesting that the Court Dismiss Vinano's July 8, 2015 Declaration Submitted by Defendants.**

Plaintiff's Reply in support of his Motion (Doc. 101) was not docketed by the October 19, 2015 reply deadline. In an October 28, 2015 Order, the undersigned deemed a portion of Plaintiff's "Motion to Complete and Clarify the Record . . ." (Doc. 101) as a request to strike Vinano's July 8, 2015 declaration submitted by Defendants. (Doc. 113 at 4). The undersigned therefore denied Plaintiff's request. (*Id*.).

**G. After the Court's Order, the Clerk of Court Docketed Plaintiff's Reply in Support of His Motion (Doc. 101). The Reply Clarified the Ambiguities in the Motion and Requested that the Court Dismiss the Two May 2015 Vinano Declarations.**

On November 2, 2015, the Clerk of Court docketed Plaintiff's Reply in support of his "Motion to Complete and Clarify the Record . . ." (Doc. 115). The Certificate of Service states that Plaintiff mailed the Reply on October 25, 2015. (*Id*. at 3). The date

next to Plaintiff's signature is October 16, 2015, which was within the October 19, 2015 reply deadline. (*Id.*). In light of the leniency to be afforded to pro se prisoner litigants, the undersigned has reviewed and considered Plaintiff's Reply. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (recognizing that a pro se plaintiff is treated with great leniency in evaluating compliance with technical rules of civil procedure); *Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1221 (D. Haw. 2010) (stating that "[w]hen a plaintiff proceeds pro se and technically violates a rule, the court should act with leniency toward the pro se litigant"); *see also Woods v. Carey*, 684 F.3d 934, 938-40 (9th Cir. 2012) (recognizing hardships faced by prisoners proceeding pro se).

Plaintiff's Reply clarified the ambiguities in his Motion (Doc. 101) by explicitly requesting the Court to "please dismiss the two declarations of Inmate Kawika Vinano for the May 18, 21, 2013 and March 28, 2014 incidents dated May 24, 2015 that was written and sworn by inmate Vinano." (Doc. 115 at 3).

### H. The Undersigned Amended the October 28, 2015 Order (Doc. 113). The Undersigned Granted Plaintiff's "Motion to Complete and Clarify the Record . . ." and Ordered the May 2015 Vinano Declarations Withdrawn Effective September 15, 2015.

Upon referral by the District Judge (Doc. 145), the undersigned scheduled an evidentiary hearing on Defendants' Motion for Sanctions for May 19, 2016. (Doc. 149). Pursuant to the undersigned's Order (Doc. 149), the parties submitted a Joint Prehearing Memorandum (Doc. 156) detailing their anticipated witnesses and exhibits. (*Id.*). The undersigned carefully reviewed the Joint Prehearing Memorandum and docket in preparation for the hearing. After reviewing the docket, including Plaintiff's Reply (Doc. 115) in support of his "Motion to Complete and Clarify the Record . . ." (Doc. 101), the undersigned amended the October 28, 2015 Order (Doc. 113). The undersigned (i) construed Plaintiff's Motion (Doc. 101) as a timely request to withdraw the May 2015 Vinano Declarations; (ii) granted Plaintiff's "Motion to Complete and Clarify the Record . . ." (Doc. 101); and (iii) ordered the May 2015 Vinano Declarations withdrawn effective September 15, 2015. (Doc. 162). The undersigned vacated the evidentiary hearing in

light of the conclusions contained in this Report and Recommendation.

### III. DISCUSSION

#### A. The May 2015 Vinano Declarations

The safe harbor provision was added to Rule 11 as part of the 1993 amendments to the Federal Rules of Civil Procedure. Rule 11 does not explicitly provide how a party must "withdraw" or "correct" a challenged filing so as to fall within the protections of the safe harbor provision. However, an Advisory Committee note to the 1993 amendments states that a motion for sanctions should not be filed with the court if the "alleged violation is corrected, as by withdrawing (whether formally *or informally*) some allegation or contention." Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments, Subdivisions (b) and (c) (emphasis added). This suggests that something other than a court order withdrawing or correcting a challenged filing within the safe harbor period may be sufficient to preclude Rule 11 sanctions. *See* STEVEN S. GENSLER, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY RULE 11 (2016) (stating that with respect to the safe harbor provision, "[i]n general, courts should consider whether a party has clearly signaled its intent to withdraw or correct the offending paper, even if further steps remain to be taken"); *see also Carruthers*, 450 F. Supp. 2d at 306 (finding it sufficient for purposes of the safe harbor provision for a party to send a stipulation of withdrawal to opposing counsel and stating that "[s]o as long as the plaintiff takes some step leading to the withdrawal of the offending claim—whether offering to withdraw the claim or moving for leave to withdraw them—Rule 11 will be satisfied . . . .").

The Ninth Circuit Court of Appeals' decision in *Sneller v. City of Bainbridge Island*, 606 F.3d 636 (9th Cir. 2010) is instructive. The plaintiffs in *Sneller* were developers who filed an action against the City of Bainbridge Island, Washington (the "City") and other defendants after a dispute arose regarding the plaintiffs' efforts to develop land that included a wetland. *Id.* at 637. The City served an unfiled Rule 11 motion for sanctions on plaintiffs and requested that the plaintiffs drop certain claims

from their complaint. *Id*. at 637-38. Three days before the safe harbor period expired, the plaintiffs filed a motion to amend their complaint. *Id*. at 638. The proposed amended complaint attached to the plaintiffs' motion omitted the claims referenced in the City's motion for sanctions, but added two new causes of action. After the safe harbor period had expired, but before the motion to amend had been ruled on, the City filed the motion for sanctions with the district court. *Id*. The court granted the City's motion for sanctions and awarded the City $24,000. *Id*. The court also denied the plaintiffs' motion to amend and granted the City's motion for partial summary judgment. *Id*.

On appeal, the Ninth Circuit reversed the district court's imposition of sanctions. The Court concluded that "[b]y filing the motion to amend within the 21-day safe harbor period, [the plaintiffs] withdrew all of the challenged claims as required by Rule 11. There is nothing more that [the plaintiffs] were required to do in terms of withdrawing the challenged claims." *Id*. at 639. The Court reasoned that the plaintiff's motion to amend the complaint constituted effective withdrawal because it was the only procedure available under the rules to withdraw individual claims. *Id*. The Court's ruling was not altered by the fact that the plaintiffs' motion to amend was not ripe for decision until after the twenty-one day safe harbor expired. *Id*. at 640 n.5.

As discussed, Defendants mailed their unfiled Motion for Sanctions to Plaintiff on August 25, 2015. (Doc. 104-1 at 3-19). The last day of the safe harbor period was September 18, 2015. Applying the prison mailbox rule, Plaintiff filed his Motion (Doc. 101) requesting that the May 2015 Vinano Declarations be dismissed on September 15, 2015. The undersigned granted Plaintiff's Motion (Doc. 101) and ordered that the May 2015 Vinano Declarations be withdrawn effective September 15, 2015. (Doc. 162). Because Plaintiff filed his Motion requesting to withdraw the May 2015 Vinano Declarations before the safe harbor period expired, Defendants are precluded from moving for Rule 11 sanctions as to the May 2015 Vinano Declarations. *See Sneller*, 606

F.3d at 640[5]; *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1529 (10th Cir. 1997) (ruling that the voluntary dismissal of claims prior to the filing of a Rule 11 motion precluded sanctions).

The undersigned notes that Defendants acknowledged in their Motion for Sanctions that Plaintiff filed his "Motion to Complete and Clarify the Record . . ." seeking to dismiss the "false declaration of inmate Kawika Vinano." (Doc. 104 at 7 n.4). However, instead of waiting for Plaintiff's Motion to be fully briefed and ruled on, Defendants asserted that Plaintiff "has not withdrawn or corrected the challenged document, such that sanctions are now warranted." (*Id.*). Defendants' premature filing of the Motion for Sanctions has frustrated the purpose of the safe harbor period and has needlessly complicated this case. *See Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC*, 339 F.3d 1146, 1151 (9th Cir. 2003) (denying a motion for sanctions served after the time in which the plaintiff could correct or withdraw its complaint and stating that "[a]n award of sanctions under these circumstances would frustrate the safe harbor provision"). *Id.*

For the above reasons, the undersigned recommends that the Court deny the Motion for Sanctions (Doc. 104) as to the May 2015 Vinano Declarations.

### B. The Lafoga Declaration

Defendants have the burden of showing that sanctions are justified. Regarding the Lafoga Declaration, Defendants recount that "Inmate Vinano further stated that he knows former inmate Brandon Lafoga . . . and that Lafoga told him that he was 'playing a role'

---

[5] The fact that Plaintiff filed a motion rather than a notice of withdrawal to withdraw the May 2015 Vinano Declarations does not alter the undersigned's conclusion that the May 2015 Vinano Declarations were withdrawn within the safe harbor period. First, Plaintiff's Motion (Doc. 101) signaled his intent to withdraw the May 2015 Vinano Declarations. *See* STEVEN S. GENSLER, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY RULE 11 (2016) (stating that pertaining to the safe harbor provision, "[i]n general, courts should consider whether a party has clearly signaled its intent to withdraw or correct the offending paper, even if further steps remain to be taken"); *see also Carruthers*, 450 F. Supp. 2d at 306 (finding it sufficient for purposes of the safe harbor provision for a party to send a stipulation of withdrawal to opposing counsel). Second, courts afford pro se litigants such as Plaintiff leniency. *See Draper*, 792 F.2d at 924.

for Plaintiff, suggesting that Lafoga's declaration is false, as well." (Doc. 104 at 2) (emphasis added). Setting aside hearsay issues, even if the Court assumed *arguendo* that Lafoga did in fact state that he was "playing a role" for Plaintiff by providing a witness declaration, that statement alone is insufficient proof that (i) Lafoga's statement is false and (ii) Plaintiff knowingly submitted the allegedly false declaration.[6]

Defendants have offered no other evidence to show that the Lafoga Declaration is false and that Plaintiff knew that it was false. Lafoga has been released from custody, and Defendants have been unable to reach him. (Doc. 104 at 5 n.3). Moreover, neither party listed Lafoga as a witness in their Joint Prehearing Memorandum. (Doc. 156 at 1-11). None of the evidence Defendants intended to present at the evidentiary hearing pertained to Lafoga. (*Id.* at 8-11, 35-37). For example, although Defendants planned to introduce testimony from inmate James Clancy ("Clancy"), who allegedly overhead Plaintiff's attempts to bribe inmates to provide statements, Defendants state that "Plaintiff has not submitted affidavits, declarations, or other statements from any of the inmates identified by Mr. Clancy." (Doc. 136 at 2). In addition, Clancy states that he arrived at the prison on January 28, 2015, which is after Lafoga's January 11, 2015 declaration. (Doc. 135-1 at 2). In light of the above, the undersigned concluded that an evidentiary hearing would not facilitate the Court's resolution of the Motion for Sanctions as to the Lafoga Declaration. (Doc. 162).

Defendants' vague and conclusory "suggestion" that Plaintiff knowingly submitted a false declaration signed by Lafoga is insufficient to support Rule 11 sanctions. *See Rich Art Sign Co.*, 122 F.R.D. at 474 (finding that the defendants'

---

[6] Defendants implicitly acknowledge that there is insufficient evidence to support the imposition of sanctions as to the Lafoga Declaration. In the Motion for Sanctions (Doc. 104 at 12 n.6), Defendants cite a case in which a district court imposed sanctions after finding that the plaintiff knowingly submitted two false affidavits, but found that it was unclear as to whether the plaintiff was aware that a third affidavit was fraudulent. Defendants state "[s]imilarly, here, there is sufficient evidence to support a finding that the two declarations Plaintiff submitted from Inmate Vinano are fraudulent, such that it is not necessary that the Court determine whether the declaration Plaintiff submitted from Inmate Lafoga is fraudulent as well." (*Id.*).

"allegations and innuendoes . . . are insufficient to impose Rule 11 sanctions"). Defendants may not shift to Plaintiff the burden of proving that sanctions are not justified as to the Lafoga Declaration. *See Tom Growney Equip., Inc.*, 834 F.2d at 837 (reversing an award of Rule 11 sanctions where, among other errors, the burden of proving the sanctions were not justified was erroneously placed on the non-moving party). The undersigned recommends that the Court deny the Motion for Sanctions as to the Lafoga Declaration.

### C. Clancy and Smith's Allegations Regarding Plaintiff's Attempts to Bribe Inmates

Attached to their Reply in Support of the Motion for Sanctions is a declaration dated October 29, 2015 by inmate Kalima Smith ("Smith"). (Doc. 116 at 2-5). Smith alleges that Plaintiff offered to give him stamps and other commissary items in exchange for a statement. (*Id.* at 3). Smith states that he declined Plaintiff's offer. (*Id.*). Defendants have also submitted a declaration by Clancy, dated December 22, 2015, in which Clancy stated that he overheard Plaintiff offer money to three different inmates after he won his lawsuit if they would make false statements. (Doc. 135-1 at 2-4). To reiterate, Defendants have stated that Plaintiff has not submitted affidavits, declarations, or other statements from any of the inmates identified by Clancy. (Doc. 136 at 2).

The Motion for Sanctions seeks dismissal based on Vinano and Lafoga's declarations only. To the extent Defendants seek sanctions based on Plaintiff's alleged attempts to bribe inmates in exchange for declarations not filed with the Court, the conduct is not sanctionable under Rule 11. This is because Rule 11 "applies only to assertions contained in papers filed with or submitted to the court." Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments, Subdivisions (b) and (c); *see also Trulis v. Barton*, 107 F.3d 685, 695 (9th Cir. 1995) (holding that Rule 11 sanctions are not an appropriate remedy for allegation that a party attempted to bribe an individual into signing a declaration); *Bus. Guides, Inc. v. Chromatic Communications Enter.*, 892 F.2d 802, 813 (9th Cir. 1989) (holding that misstatements made during oral argument cannot

constitute sanctionable offenses under Rule 11); *In re Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986) (holding that sanctions for discovery abuses are not governed by Rule 11, except for discovery motions). The undersigned thus concluded that an evidentiary hearing is unnecessary to allow the testimony of Smith and Clancy. (Doc. 162). To the extent Defendants request Rule 11 sanctions based on Smith and Clancy's declarations, the undersigned recommends that the Court deny the request.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the Court deny Defendants' "Motion for Sanctions Pursuant to Rule 11" (Doc. 104).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 5th day of May, 2016.

_____
Eileen S. Willett
United States Magistrate Judge