WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melvin De Freitas, Jr. | No. CV-13-01364-PHX-SRB (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Todd Thomas, et al., | |
| Defendants. | |

The Court issues its rulings on the three Motions (Docs. 140, 141, 146) discussed herein.

**I.    Plaintiff's "Notice of Service for Permission to Amend Freitas Second Set of Supplemental Disclosure Statement . . ." (Doc. 140), Docketed as "Motion to Amend/Correct Notice"**

In October 2015, Plaintiff filed a "Second Set of Supplemental Disclosure Statement Plus 304 to 374 Production of Documents" (Doc. 110) (the "Second Supplemental Disclosure Statement"). In its January 26, 2016 Order (Doc. 137 at 2), the Court reiterated its instruction from a prior Order that "disclosures under Rule 26(a)(1) or (2) . . . must not be filed until they are used in the proceeding or the court orders filing . . . ." The Court directed the Clerk of Court to strike the Second Supplemental Disclosure Statement. (Doc. 137 at 6). The Court also directed the Clerk of Court to seal the Second Supplemental Disclosure Statement because it contained the full names of

correctional employees and presented potential risks to the privacy and security interests of the employees. (*Id*.). The Court directed Plaintiff to file a Notice of Service in compliance with Rule 5.2 of the Local Rules of Civil Procedure ("LRCiv"), which indicates that on October 21, 2015, Plaintiff served the Second Supplemental Disclosure Statement on Defendants.[1] (*Id*.).

In February 2016, Plaintiff filed a document captioned as "Notice of Service for Permission to Amend Freitas Second Set of Supplemental Disclosure Statement Present to Court Order [Doc. #137-1] and LRCiv 5.2 PLUS CERTIFICATE OF SERVICE" (Doc. 140). The Clerk of Court docketed Plaintiff's Notice (Doc. 140) as a "Motion to Amend/Correct Notice." Instead of filing a Notice of Service in compliance with LRCiv 5.2, Plaintiff filed an Amended Second Supplemental Disclosure Statement.[2] Plaintiff stated that he redacted the first names of correctional employees. However, as Defendants point out (Doc. 143) and Plaintiff concedes (Doc. 152), Plaintiff did not redact all of the names.

Although pro se litigants are given leniency in evaluating compliance with the technical Rules of Civil Procedure, the rules still apply to pro se litigants. *Draper v. Combs*, 792 F.2d 915, 924 (9th Cir. 1986). ("We recognize that the plaintiff represented himself and therefore, in evaluating his compliance with the technical rules of civil procedure, we treat him with great leniency."); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Plaintiff's filing of the actual Amended Second Supplemental Disclosure Statement instead of a Notice of Service violates Fed. R. Civ. P. Rule 5(d) and LRCiv 5.2. The Court will order the Clerk of Court to strike the Amended

---

[1] The Court deemed the October 21, 2015 filing date of Plaintiff's Second Supplemental Disclosure Statement as the date of service on Defendants. (Doc. 137 at 2).

[2] To the extent Plaintiff requests leave of Court to serve the Amended Second Supplemental Disclosure Statement, the request will be denied as such leave is unnecessary.

Second Supplemental Disclosure Statement (Doc. 140). Because the Amended Second Supplemental Disclosure Statement contains the full names of correctional employees, the Court will also order the Clerk of Court to seal the Amended Second Supplemental Disclosure Statement (Doc. 140).[3] The Court deems service of the Amended Second Supplemental Disclosure Statement (Doc. 140) on Defendants complete as of February 18, 2016, the date it was docketed by the Clerk of Court. By June 16, 2016, Plaintiff shall comply with LRCiv 5.2 by filing a Notice of Service indicating that on February 18, 2016, he served his Amended Second Supplemental Disclosure Statement on Defendants. <u>The Notice of Service shall not attach the Disclosure Statement</u>.

## II. Plaintiff's "Notice of Service for Permission to File this Motion to Strike . . ." (Doc. 141), Docketed as "Motion to Strike"

### i. Plaintiff's Request to Strike Inmate Kalima Smith's Statements

On October 2, 2015, Defendants filed a "Motion for Sanctions Pursuant to Rule 11" (Doc. 104). Plaintiff responded on October 27, 2015 (Doc. 112). On November 6, 2015, Defendants filed their "Reply in Support of Motion for Sanctions Pursuant to Rule 11" (Doc. 116). Attached to Defendants' Reply are an affidavit and incident statement signed by inmate Kalima Smith ("Smith"). (Docs. 116-1 and 116-2). On November 16, 2015, Plaintiff filed a "Notice of Service for Permission to Amend Plaintiff's Response to Defendant's Motion for Sanctions [Doc. # 116] Affidavit of Kalima Smith" (Doc. 124). In his Notice, Plaintiff stated that he "respectfully amend [sic] his response and oppose against Defendant's newly-discovered evidence of the Affidavit claims of inmate Kalima Smith." (*Id*.). Plaintiff's Notice contained his response to Smith's statements.

Defendants moved to strike Plaintiff's Notice (Doc. 124) on the ground that it is an improper sur-reply. (Doc. 127). In a January 2016 Order (Doc. 137), the Court

---

[3] As stated in the Court's Order (Doc. 137) directing the Clerk of Court to seal the Second Supplemental Disclosure (Doc. 110), the Court finds that the potential safety risks to correctional employees upon public disclosure of their full names outweighs the need for the public's access to the information. The Court therefore continues to find good cause for sealing the information. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (good cause finding required to seal a non-dispositive document).

- 3 -

concluded that because Defendants' Reply (Doc. 116) contained new evidence (i.e. Smith's affidavit and incident statement), it is appropriate to allow Plaintiff the opportunity to respond to the new evidence. The Court construed Plaintiff's Notice (Doc. 124) as a request for leave of Court to amend his Response as set forth in the Notice. (Doc. 137 at 4-5). The Court granted Plaintiff's request. (*Id*. at 5).

In February 2016, Plaintiff filed a document captioned as "Notice of Service for Permission to File this Motion to Strike . . ." (Doc. 141). The Clerk of Court docketed the document as a "Motion to Strike." The Motion (Doc. 141) requests that the Court "strike and not consider" Smith's affidavit and incident statement on the ground that it is improper to include new evidence in a reply. The Court, however, has allowed Plaintiff the opportunity to respond to Smith's statements. (Docs. 124, 137). Plaintiff's request to strike Smith's affidavit and incident statement (Docs. 116-1, 116-2) will be denied.

### ii. Plaintiff's Request to Strike Inmate James Clancy's Declaration

On December 22, 2015, Defendants filed their "Reply in Support of Amended Motion for Summary Judgment" (Doc. 135). The Reply explains that on December 21, 2015, Defendants learned information from inmate James Clancy ("Clancy") that supports their defense. (*Id*. at 8). Attached to Defendants' Reply is a declaration signed by Clancy, which is dated December 22, 2015. (Doc. 135-1).

In his Motion (Doc. 141), Plaintiff challenges the credibility of the statements made in Clancy's declaration. In an apparent attempt to show that Clancy had a motivation to lie and corroborate Smith's statements, Plaintiff alleges that Clancy and Smith were lovers. (*Id*. at 2). Plaintiff also states that before Clancy made his December 2015 declaration, Clancy was assigned to the Hotel Bravo unit. Plaintiff alleges that Clancy desired to be reassigned to the November Echo unit, and was reassigned to the November Echo unit after he signed the declaration. (*Id*.).

Plaintiff's Motion (Doc. 141) requests that the Court "strike and not consider" Clancy's declaration. The Ninth Circuit has instructed that a court cannot consider new evidence provided in a reply when the other party does not have an opportunity to

respond to the evidence. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). The Court deems the statements made in Plaintiff's Motion (Doc. 141) regarding Clancy's December 2015 declaration as Plaintiff's response to the declaration. Plaintiff's Motion (Doc. 141) will be denied.

### III. Plaintiff's "Motion to Notify the Court that Plaintiff is Going on a Hunger Strike as of March 9, 2016" (Doc. 146)

In March 2016, Plaintiff filed a document (Doc. 146) notifying the Court of his plans to initiate a hunger strike on March 9, 2016. Although Plaintiff's document is captioned as a "Motion to Notify . . ." (Doc. 146), no relief is requested. The document is therefore construed as a notice. The Court will direct the Clerk of Court to amend the docket accordingly.

The Court ordered Defendants to respond to the Notice (Doc. 146). (Doc. 147). Attached to Defendants' Response (Doc. 148) is Plaintiff's Confinement Activity Record ("CAR") for March 6-16, 2016. The CAR indicates that Plaintiff refused breakfast, lunch, and dinner on March 9, 2016, but resumed eating on March 10, 2016. (*Id.* at 4). Plaintiff's Reply (Doc. 157) does not dispute that he resumed eating on March 10, 2016. The Court will take no action on Plaintiff's Notice (Doc. 146).

Defendants request that the Court sanction Plaintiff pursuant to the Court's inherent authority or 28 U.S.C. § 1927 for Plaintiff's filing of the Notice (Doc. 146). "A specific finding of bad faith . . . must 'precede any sanction under the court's inherent powers.'" *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). The imposition of sanctions under 28 U.S.C. § 1927 requires a "finding of recklessness *or* bad faith."[4] *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002) (emphasis in original) (citing *United*

---

[4] 28 U.S.C. § 1927 states that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." In the Ninth Circuit, pro se litigants may be sanctioned pursuant to 28 U.S.C. § 1927. *See Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1990) ("Section 1927 sanctions may be imposed upon a pro se plaintiff, despite Wages's protestations to the contrary.").

- 5 -

*States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983)). Ignorance or negligence does not support a finding of recklessness or bad faith. *See Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) (affirming denial of sanctions under 28 U.S.C. § 1927 and court's inherent authority where the record "certainly shows ignorance or negligence on the part of [plaintiff], but does not compel a finding that he was reckless or acted in bad faith"); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1485 (9th Cir. 1989) (district court may not sanction mere "inadvertent" conduct); *Cruz v. Savage*, 896 F.2d 626, 630 (1st Cir. 1990) ("[C]onduct sanctioned [under § 1927] should be more severe than mere negligence, inadvertence, or incompetence.").

Plaintiff mailed the Notice (Doc. 146) to the Court on March 9, 2016—the intended date of his hunger strike. Plaintiff refused all three meals on March 9, 2016, but resumed eating on March 10, 2016. Based on the record, the Court cannot find that Plaintiff filed the Notice recklessly or in bad faith. At most, Plaintiff's filing of the Notice shows ignorance or negligence. The Court will deny Defendants' request for sanctions.

Although the Court cannot make the necessary finding that Plaintiff filed the Notice (Doc. 146) recklessly or in bad faith, the Court observes a developing pattern of superfluous documents being filed by Plaintiff. Plaintiff is cautioned that the continued filing of such documents could lead to the inference of bad faith that may support future sanctions. *Miller v. City of Los Angeles*, 661 F.3d 1024, 1029 (9th Cir. 2011) (it is "permissible to infer bad faith from [a party's] action[s] plus the surrounding circumstances").

For the above reasons,

**IT IS ORDERED** denying Plaintiff's "Notice of Service for Permission to Amend Freitas Second Set of Supplemental Disclosure Statement Present to Court Order [Doc. #137-1] and LRCiv 5.2 <u>PLUS CERTIFICATE OF SERVICE</u>" (Doc. 140).

**IT IS FURTHER ORDERED** directing the Clerk of Court to seal and strike Plaintiff's "Notice of Service for Permission to Amend Freitas Second Set of

Supplemental Disclosure Statement Present to Court Order [Doc. #137-1] and LRCiv 5.2 <u>PLUS CERTIFICATE OF SERVICE</u>" (Doc. 140).

**IT IS FURTHER ORDERED** that by June 16, 2016, Plaintiff shall comply with LRCiv 5.2 by filing a Notice of Service indicating that on February 18, 2016, he served his Amended Second Supplemental Disclosure Statement on Defendants. <u>The Notice of Service shall not attach the Disclosure Statement</u>.

**IT IS FURTHER ORDERED** denying Plaintiff's "Notice of Service for Permission to File this Motion to Strike . . ." (Doc. 141), docketed as a "Motion to Strike."

**IT IS FURTHER ORDERED** directing the Clerk of Court to amend the docket to reflect that Plaintiff's "Motion to Notify the Court that Plaintiff is Going on a Hunger Strike Hunger Strike as of March 9, 2016" (Doc. 146) is a notice. The Court takes no action on Plaintiff's Notice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to remove Plaintiff's Notice (Doc. 146) from the Court's pending motions calendar.

Dated this 26th day of May, 2016.

_____
Eileen S. Willett
United States Magistrate Judge